# Lavin v. Garrett, Appellant.

*Appeals—Practice, Supreme Court — New trial — Discretion of court—Abuse—Remarks of counsel and court—Withdrawing juror —Charge—Failure to request instructions—Appeal.*

1. The Supreme Court will not reverse an order denying a new trial where it is not convinced that the court below abused its discretion.

2. Where, on the trial of a negligence case, counsel for plaintiff asked defendant on cross-examination whether the purpose of a certain photograph offered in evidence was to try to make a de-

fense if he could possibly get one in the case, and whether he was trying to make evidence for his case, the appellate court will not reverse a judgment for plaintiff merely because the trial judge overruled defendant's motion for the withdrawal of a juror asked for on the ground that the question suggested to the jury that the defense was being built up unfairly, and because the trial judge stated that that impression had not been made upon the mind of the court, and that defendant's counsel had been the one who had constantly been protesting about his fairness, and because the trial judge failed to instruct the jury in a way that would overcome the effect of the questions and statements of plaintiff's counsel, no request to so charge having been made.

Argued January 9, 1920. Appeal, No. 98, Jan. T., 1920, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1917, No. 210, on verdict for plaintiff in case of Catherine Lavin v. Clinton Garrett. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WESSEL, J.

At the trial when defendant was under cross-examination the following question was asked him:

Q. The purpose of that photograph was to try to make a defense if you could possibly get one to this suit, was it not?

A. Really I do not know. I suppose that was taken for—

Q. You were down there trying to make evidence for your case?

Mr. Herman: I move that a juror be withdrawn because Mr. McAdams suggests to the jury that the defense which is tried to be interposed in good conscience and fairness, was being built up unfairly.

The Court: That impression has not been made upon my mind. You have been the one who has constantly been protesting about your fairness and everything of that kind. Mr. McAdams to my knowledge has done nothing of the kind. I overrule the motion.

Exception noted for defendant.  (4)

Verdict and judgment for plaintiff for $7,500.

The court discharged defendant's rule for a new trial, based upon the following reasons: 1. The verdict was against the law; 2. The verdict was against the evidence; 3. The verdict was against the weight of the evidence; 4. The verdict was against the charge of the court; 5. The verdict was excessive.

The court discharged defendant's motion for judgment non obstante veredicto.  Defendant appealed.

*Errors assigned* were (1) refusal to direct a verdict for defendant; (2) refusal to enter judgment for defendant n. o. v.; (3) refusal of motion for new trial based on the grounds that the verdict was against the law, the evidence, the charge of the court, and was excessive; (4) refusal to withdraw a juror because of the comments of plaintiff's counsel; and (5) failure to instruct in a way that would overcome the effect of the statement of plaintiff's counsel—although no request to so charge was made.

*Samuel S. Herman,* with him *Harry S. Ambler, Jr.,* for appellant.

*Francis M. McAdams* and *William H. Wilson,* for appellee.

PER CURIAM, February 2, 1920:

Though the first and second assignments of error complain of the refusal of the trial judge to direct a verdict for the defendant, and of the court's subsequent refusal of the motion for judgment non obstante veredicto, it seems to be conceded, from the statement of questions involved and in the argument of learned counsel for appellant, that the case was for the jury.  The real complaint is of the refusal to grant a new trial.  We have not been convinced that there was an abuse of discretion

by the court below in holding that the reasons assigned in support of the motion for the new trial were insufficient, nor have we been persuaded that the fourth and fifth assignments call for a retrial of the case.

Judgment affirmed.